UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Anthony Harris, et al.,

          Plaintiffs,

v.

Maplewood Police Department, et al.,

          Defendants.

Case No. 0:17-cv-00392-MJD-SER

**MEMORANDUM OF LAW IN
SUPPORT OF DEFENDANT'S
MOTION TO DISMISS**

---

Comes now the DEFENDANT, MENARD, INC., by Counsel Paul J. Hammell, and submit the following Memorandum of law in Support of Defendant's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted under Federal Rule of Civil Procedure 12(b)6; and states as follows:

## I.    INTRODUCTION

Plaintiffs filed the current action in United States District Court for the District of Minnesota on February 06, 2017, but failed to properly serve this action on the Defendant. Menard received the current lawsuit on November 01, 2017 (Complaint). Although Anthony Harris and Francal Jackson (Plaintiffs) fail to concretely state specific causes of action, they seek compensation pursuant to 42 USC §1983. 42 U.S.C.A. § 1983 (West). In addition, Plaintiffs generally allege that Defendants have violated their civil rights but do not elaborate further.

The Complaint only offers conclusory allegations which lack factual support of the necessary elements to prove these claims. Therefore, all of the claims brought against Menard and its unnamed employees should be dismissed pursuant to Fed. R. of Civ. P 12(b)6 for failure to state a claim upon which relief can be granted.

## II.   BACKGROUND

Plaintiffs allege that Menard, Inc. (Menard), the Maplewood Police Department (Police), and each entity's employees violated Plaintiffs' rights under the Fourth Amendment and Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983. Plaintiffs state that they were shopping at the Menards® store located in Maplewood, Minnesota in February of 2015 (Complaint at ¶ 4). Plaintiffs submitted a pre-signed business check as payment for these items (Complaint at ¶ 5-6). After submitting payment Anthony Harris (Harris) sought assistance retrieving these items near the store's loading docks (Complaint at ¶ 5-6).

While he was waiting by the loading docks, Plaintiff was approached by Police (Complaint at ¶ 7). Harris alleges that Police used excessive force to detain him before he was walked to the front of the store (Complaint at ¶ 5-6). Plaintiffs state that Police stated that Menard contacted Police and informed them that Harris had submitted "fraudulent checks" (Complaint at ¶ 7 and 16). Before Plaintiffs departed, they were photographed and trespassed from entering Menards® stores in the future (Complaint at ¶ 9). Plaintiffs do not allege any further contact with Menard after being removed from the Maplewood store.

### III.   LEGAL STANDARD

A party may move to dismiss a claim failure to state a claim up on which relief can be granted.  Fed. R. Civ. P. 12(b)6.  When considering a motion to dismiss under this rule, "the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true."  *Inline Packaging, LLC v. Graphic Packaging Int'l, Inc.,* 164 F. Supp. 3d 1117, 1124 (D. Minn. 2016).  Further, the "ambiguities concerning the sufficiency of the claims must be resolved in favor of the nonmoving party."  *Id.*  This Court has stated that "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Westley v. Mann,* 896 F. Supp. 2d 775, 787 (D. Minn. 2012) *(quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  A claim is plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" while a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.*

A complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" to survive a motion to dismiss for failure to state a claim.  *Kuhns v. Scottrade, Inc.,* 868 F.3d 711, 717 (8th Cir. 2017).  To plausibly plead a claim, the claim must have a factual context which "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but not 'shown'—'that the

3

pleader is entitled to relief." *Inline Packaging, LLC v. Graphic Packaging Int'l, Inc.,* 164

F. Supp. 3d 1117, 1124 (D. Minn. 2016).

## IV.   ARGUMENT

### A. Plaintiffs' claim should be dismissed for failure to state a claim which relief can be granted.

#### i.   Plaintiff claim should be dismissed as Plaintiffs have failed to state a claim that would demonstrate that Menard is a state actor under 42 U.S.C. § 1983.

Plaintiffs' 42 USC § 1983 claims should be dismissed because Plaintiffs have

failed to allege facts necessary to fulfill the elements of this claim.   Claims under 42

U.S.C. § 1983 must first allege a violation of a right guaranteed by the Constitution and

the laws of the United States.     *West v. Atkins,* 487 U.S. 42, 48 (U.S. 1988).   Second, a

plaintiff must show that the violation was caused by someone "acting under color of state

law."  *Id.*  Although this memorandum will not address, the first issue, Menard is not a

state actor and therefore would not be liable under this statute.  *See, Adickes v. S. H.*

*Kress & Co.,* 398 U.S. 144, 150 (1970).   A private party is only considered a state actor

pursuant to 42 U. S. C. § 1983 when the party "willfully participates in joint activity with

the State or its agents." *Youngblood v. Hy-Vee Food Stores, Inc.,* 266 F.3d 851, 855 (8th

Cir. 2001).  However, an individual must do more than contact a government entity to be

considered a state actor.  The Eighth Circuit held that "a private party's mere invocation

of state legal procedures does not constitute state action." *Youngblood v. Hy-Vee Food*

*Stores, Inc.,* 266 F.3d 851, 855 (8th Cir. 2001) (citing *Lugar v. Edmonson Oil Co.,* 457

U.S. 922, 939 (1982)).     For example, calling the police for assistance alone is not

4

enough to be considered a joint activity.  *See, Young v. Harrison*, 284 F.3d 863 (8th Cir. 2002).

In certain circumstances, a private party's interactions with the police can become a joint interaction, but that is not the case here.  When the Eighth Circuit held that a retail store willfully acted in a "joint activity" or a "customary plan" due to their actions dealing with a shoplifting suspect, the fact pattern was much different than in this Complaint.  *See, Murray v. Wal-Mart, Inc.*, 874 F.2d 555, 558 (8th Cir. 1989).   In *Murray v. Wal-Mart, Inc.*, a customer was detained and searched for suspected shoplifting by two store managers and a security guard.  *Id.*  The security guard, who also worked for the police department, called the police department for assistance after failing to find any merchandise on the suspect.  *Id.*

The court held that several factors contributed to its decision.  First, the store normally worked with the police department to prosecute shoplifters.  *Id.*  The security guard also worked for the police department and had a close relationship with the prosecutor who made his recommendation to prosecute based on the security guard's word, not an independent investigation.  *Id.*  The Eighth Circuit determined that, "the police and the prosecuting attorney relied on Elliot's (security guard) incomplete version of the facts to justify detaining, searching, and prosecuting Murray (suspect)."  *Id.*  However, the Complaint here does not allege a similar fact pattern.  Plaintiffs have not made any allegations that Menard had a "customary plan" to work with Police to prosecute shoplifters or that a security guard or employee of Menard worked for Police or had a close working relationship to them.  Lastly, the Complaint does not allege that the

5

he was prosecuted based on the testimony because of the testimony of a security guard or employee for Menard without any independent investigation by the state.

Instead, more recent cases provide much analogous fact patterns to the current action. The Eighth Circuit distinguished the *Murray v. Wal-Mart, Inc.* decision when it decided *Youngblood v. Hy-Vee Food Stores, Inc.,* where it held that contacting the police to assist with a theft investigation at a retail store was not enough for the retailer to be considered a state actor for the purpose of 42 U.S.C. § 1983. *Youngblood* 266 F.3d at 853. In this case, a store employee noticed that a customer spent a long period of time at the beef jerky display before moving away from the display with a beef jerky canister. *Id.* The customer returned to the display and exchanged the canister for a different canister from the display. *Id.* The customer was stopped after the employee noticed that the canister which was returned was nearly empty. *Id.* The store employee stopped the customer on the way out and noticed that the canister was "crammed full" of beef jerky. *Id.* The store employee called the police while the customer remained at the store until the police arrived. When the police arrived, they interviewed store employees, inspected the canister, and arrested the customer. *Id.*

Under this set of facts, the Eighth dismissed Plaintiff's 42 U.S.C. § 1983 claims on summary judgment. *Id.* One year after the *Youngblood v. Hy-Vee* decision, the Eighth Circuit again held that when a retail store who contacted the police was not enough to rise to the level of a state actor in an unreported case. (Exhibit A - *See, Hanuman v. Groves,* 2002 WL 1362931, 41 F. App'x 7, 9 (8th Cir. 2002)). A security guard, who was employed by the neighboring county's police department, stopped two African American

6

individuals which he suspected of shoplifting.  *Id.*  After the security guard stopped these individuals, he called the police.  *Id.*  The police investigated and arrested two brothers.  *Id.*  Nevertheless, the Eighth Circuit held that the security guard's actions did not rise to the level of joint activity, despite the fact that he was a police officer from a neighboring county and was acquainted with the officer that was investigating the matter and dismissed this case on summary judgment as well.  *Id.*

Clearly, the facts in the current action are much closer to the fact pattern in the other previously mentioned cases than to fact pattern in *Murray v. Wal-Mart*.  Menard denies allegations of racial discrimination, but even assuming that Plaintiffs' allegations of racial profiling are true, Plaintiffs' do not assert any facts to support the existence of a joint action between Menard and Police.  Plaintiffs merely allege that Menard informed Police that Harrison had "fraudulent checks" and that he had entered the store with a female.  The Complaint also alleges that Harris was first detained by Police, not store employees like the other cases cited herein.  Finally, aside from contacting Police, Complaint does not allege any additional joint actions between Menard and Police.  Further, the Complaint does not allege that Menard had any influence on the matter after Plaintiffs left the Maplewood store or that any Menard's employee influenced or was related to the prosecutor and/or investigating officers.

**ii.    Plaintiffs' claims under 42 U.S.C. § 1983 should be dismissed as Plaintiffs have only provided conclusory allegations without any specific facts which would establish a joint activity between Menard and Police.**

To establish their claim, Plaintiffs must do more than state that the defendants are joint participants; they must provide a factual basis for these allegations. *See, Magee v. Trustees of the Hamline Univ., Minn.,* 957 F. Supp. 2d 1047, 1057–58 (D. Minn. 2013), *aff'd sub nom. Magee v. Trustees of Hamline Univ., Minn.,* 747 F.3d 532 (8th Cir. 2014). To survive a motion to dismiss, Minnesota federal court has held that, "a plaintiff seeking to hold a private party liable under § 1983 must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor regarding the violation of plaintiff's constitutional rights." *Id.* (internal quotations omitted). This case further states that, "[m]ere allusion to such a conspiracy is insufficient; the conspiracy, or meeting of the minds, must be pleaded with specificity and factual support." *Id.*

Here, Plaintiffs do not allege any facts which would establish that Menard willfully participated in a joint activity or that these actions were a part of a customary plan which would qualify as state action for the purpose of 43 U.S.C. § 1983. Plaintiffs generally assert constitutional claims under the fourth and the fourteenth amendments, but only offer conclusory allegations that Menard engaged in racial profiling because it contacted Police with a "mere suspicion and/or allegations" that criminal activity occurred (Complaint at ¶ 15-17). Plaintiffs only allege that Menard called the police and that Police responded to that phone call which would not rise to the level of a "joint action" or "customary plan" for the purpose of 42 U.S.C. § 1983. In addition, these claims lack any factual support to show that Menard is a state actor under this statute.

Therefore, these claims should be dismissed pursuant to Fed. R. of Civ. P 12(b)6 for failure to state a claim upon which relief can be granted.

## V.    CONCLUSION

Defendant's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted pursuant to Rule 12(b)6 of the Federal Rule of Civil Procedure should be granted.   Although Plaintiffs do not separately plead each count in the Complaint, Plaintiffs fail to allege a fact pattern where Menard would be a state actor under 42 U.S.C. § 1983, so any claim based on this statute should be dismissed.   Moreover, Plaintiffs failed to sufficiently allege facts that would support the finding that Menard had engaged in a "joint action" or "customary plain" with Police so that it could be found liable under 42 U.S.C. § 1983.   Therefore, Menard, Inc. respectfully requests that the Court dismiss Plaintiff's Complaint, with all costs assessed to Plaintiffs, and grant any and all other relief the Court deems just and equitable.

Respectfully submitted,

Dated: *November 21, 2017*

By: _____
Paul J. Hammell
Bar Number 0390329
Attorney for Defendant
Menard, Inc.
5101 Menard Drive
Eau Claire, Wisconsin 54703
Phone: (715) 876-2472
Fax:  (715)876-5963
phammell@menard-inc.com

## <u>CERTIFICATE OF COMPLIANCE</u>

The preceding memorandum of law contains 2,372 words and otherwise complies with the limits in LR 7.1(f) and with the type-size limit of LR 7.1(h).

Respectfully submitted,

Dated: *November 21, 2017*                    By: *Paul J. Hammell*

                                                         Paul J. Hammell
Bar Number 0390329
Attorney for Defendant
Menard, Inc.
5101 Menard Drive
Eau Claire, Wisconsin 54703
Phone: (715) 876-2472
Fax:  (715)876-5963
phammell@menard-inc.com