UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Anthony Harris,

        Plaintiff,

v.

Maplewood Police Department, Menard, Inc.,
John Doe, Jane Doe, and Jim Doe,

        Defendants.

Case No. 17-cv-392 (MJD/SER)

**REPORT AND RECOMMENDATION**

---

STEVEN E. RAU, United States Magistrate Judge

This matter comes before the undersigned on Defendant Menard, Inc.'s ("Menard") Motion to Dismiss [Doc. No. 30]. This matter was referred for the resolution of pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(B) and District of Minnesota Local Rule 72.1 for a Report and Recommendation. *See* (Order of Referral) [Doc. No. 46]. For the reasons stated below, the Court recommends that Menard's Motion to Dismiss be granted.

### I. BACKGROUND

Plaintiff Anthony Harris ("Harris") alleges violations under 42 U.S.C. § 1983 for Maplewood Police Department's use of excessive force when he was arrested by John Doe (an officer with the Maplewood Police Department). *See generally* (Compl.) [Doc. No. 1]. Harris's arrest occurred after Jane Joe and Jim Doe (employees at a Maplewood, Minnesota Menards) called the Maplewood Police Department because Jane Joe and Jim Doe believed that Harris used bad checks to make a purchase at the Menards. *See generally* (*id.*). Specifically, Harris asserts that Jane Doe and Jim Doe contacted the Maplewood Police Department and told the police that Harris "had committed or [was] committing a crime" without sufficient personal

knowledge of this fact. *See* (Compl. at 6–7).[1] Harris states that in response to the Menard's employees' phone call, police officers intercepted Harris while he was "waiting by the loading docks." (*Id.* at 3). Harris alleges that these officers approached him with their guns drawn, and instructed Harris down on the ground. *See* (*id.*). Once on the ground, Harris alleges that multiple officers used excessive force by placing their full body weight on him while a single officer handcuffed him. *See* (*id.*). Harris is seeking unspecified compensatory and punitive damages. (*Id.* at 8).

Menard filed its Motion to Dismiss on November 21, 2017. (Mot. to Dismiss). Menard argues numerous grounds for its motion: Menard was improperly served; Harris's allegations against it are conclusory and fail to state a claim for relief; and Harris failed to establish that Menard is a state actor under 42 U.S.C. § 1983. *See generally* (Mem. of Law in Supp. of Def.'s Mot. to Dismiss) [Doc. No. 32].

Harris did not timely file a response to the Motion to Dismiss. Instead, after the deadline had passed, Harris moved the Court for an extension of time. *See generally* (Mot. for Extension of Time) [Doc. No. 45]. Finding good cause, this Court granted Harris a single extension. *See* (Order Dated Jan. 30, 2018) [Doc. No. 51 at 3–5]. Harris responded to Menard's Motion to Dismiss, requesting that the Court "review the initial Complaint in this matter as there are factors/claims express[ed]" that presumably address the merits of Menard's Motion to Dismiss.[2]

---

[1] Harris uses an unconventional style in his submissions before the Court, capitalizing every word. When quoting Harris, this Court edits those capitalizations, but for readability does not indicate each alteration.

[2] This Court provided that Harris respond on or before March 15, 2018. *See* (Order Dated Jan. 30, 2018 at 5, 7). The Clerk's Office received Harris's submission on March 19, 2018. *See* (Envelope, Attached to Pl.'s Answer for Mot. to Dismiss) [Doc. No. 52-2]. The envelope includes an illegible mailing date. *See* (*id.*). That said, given Harris's status as an inmate, and how long mail typically takes to move through prison institutions, this Court considers the filing timely—and Menard does not object to Harris's submission on this basis.

*See* (Pl.'s Answer for Mot. to Dismiss, "Mem. in Opp'n of Mot. to Dismiss") [Doc. No. 52]. Furthermore, Harris asserts that he properly asserted a number of claims, including (1) "use of excess[ive] force by arresting officers"; (2) "officers lacked a warrant issued by a judge and first-hand knowledge to establish probable cause to arrest"; (3) "it was defamation of character to parade Plaintiff through the store without officer or personnel being fully aware of any illegal activity"; (4) he "was searched and seized without due process of the law" in violation of his Fourth and Fourteenth Amendment rights; (5) "officers illegally detained and transported Plaintiff in violation of every provision assigned to safeguard the people from the lawlessness of intrusion from govern [sic] agencies"; and (6) "officers separated Plaintiff from his personal property and he (Harris) was unable to retrieve his property." (Mem. in Opp'n of Mot. to Dismiss at 1–2).[3] Harris also argues about the propriety of his arrest. For example, he argues that he "did not use a fake check or offer a forged check." (*Id.* at 2). At no point, however, does Harris present an argument why the employees at the Menards were acting under color of state law. *See generally* (*id.*).

**II.    DISCUSSION**

    **A.    Legal Standard**

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). That is, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s]

---

[3]    When referencing Harris's Memorandum in Opposition to the Motion to Dismiss, CM/ECF pagination is used.

devoid of further factual enhancement." *Id.* (internal quotation marks omitted) (citations omitted) (second alteration in original).

### B. Analysis

This Court concludes that Harris has failed to state a claim for relief under § 1983 against Menard because Harris failed to plausibly allege that Menard was acting under color of state law. Section 1983 states, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws," will be "liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983. A fundamental requirement under a § 1983 claim is that "the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49 (internal quotation marks omitted). A common example of state action is an allegation of constitutional deprivation by a state employee. *See id.* at 49–50 ("It is firmly established that a defendant in a § 1983 suit acts under color of state law when he abuses the position given to him by the State. Thus, generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." (citations omitted)).

In order to assert claims against a private party, however, Harris must plausibly claim "that the private party was a willful participant in joint activity with the State or its agents." *Murray v. Wal-Mart, Inc.*, 874 F.2d 555, 558–59 (8th Cir. 1989) (internal quotation marks

omitted). Nothing in Harris's Complaint or in his Memorandum in Opposition to Menard's Motion to Dismiss establishes a reasonable inference that the unnamed employees were "willful participant[s] in joint activity with the State or its agents." *Cf. id.* (internal quotation marks omitted).

*Murray* is instructive. There, the plaintiff was detained by Wal-Mart employees pursuant to Arkansas state law, allowing for the detention of shoplifting suspects "'in a reasonable manner for a reasonable length of time.'" *Id.* at 560 (quoting Ark. Code Ann. § 5-36-116(a) (1987)). The Eighth Circuit found that Wal-Mart was operating under the color of state law because the plaintiff established that Wal-Mart had a common practice of "work[ing] with the police department in **prosecuting** shoplifters." *Id.* at 559 (emphasis added). The Eighth Circuit also found the facts that the Wal-Mart security guard was employed by the police department, the security guard had "a close relationship with the prosecuting attorney," that the plaintiff in *Murray* was detained by Wal-Mart prior to police arrival, and that the police relied on the security guard's version of the incident without conducting its own independent investigation to be important factors in finding Wal-Mart acted under color of state law. *Id.* At bottom, the Eighth Circuit concluded that Arkansas's "state statute, combined with the concerted actions of Wal–Mart and the local police department, afford ample evidence of willful, joint activity which supports a claim against Wal–Mart under section 1983." *Id.* While it is true that Minnesota has a similar statute,[4] *Murray* is otherwise distinguishable from the instant case.

Importantly, Harris's Complaint offers few specific allegations against Menard to draw a reasonable inference that Menard was operating under color of state law. *See generally* (Compl.). Harris's primary allegation is that Menard employees had insufficient knowledge to call the

---

4   *See* Minn. Stat. § 629.366, subdiv 1. (discussing circumstances that justify detaining business invitees).

5

police. This allegation works to prove Menard's argument. That is, the employees were not "clothed with the authority of state law," they were merely contacting the Maplewood Police Department. *Cf. Atkins*, 487 U.S. at 48. Harris's Complaint does not allege that Menard detained him. It alleges the opposite: Jim Doe and Jane Doe allowed Harris to leave the store, where he was apprehend by Maplewood Police while waiting at the loading dock. *See* (Compl. at 3). Furthermore, there is nothing in Harris's Complaint to suggest that Menard's employees were working for the Maplewood Police Department or that Menard was involved in his prosecution after his arrest. *See generally* (*id.*).

That is, construing Harris's Complaint liberally and drawing every reasonable inference in his favor, the only factor that is arguably established by Harris's Complaint is that Menard "work[ed] with the police department" insofar as employees of Menard called the Maplewood Police Department to alert them of Harris's suspicious conduct. *Cf. Murray*, 874 F.2d at 559. Harris's Complaint, however, does not draw the reasonable inference that Menard worked with police to **prosecute** Harris. Ultimately, Harris's allegations against Menard cannot state a claim under § 1983 because "[m]erely calling the police to enforce a state statute does not turn [Menard's] behavior into state action." *Hanuman v. Groves*, 41 F. App'x 7, 9 (8th Cir. 2002) (per curiam).

Because nothing in Harris's Complaint plausibly alleges that Menard was acting under color of state law, Menard's Motion to Dismiss should be granted and Harris's claims against Menard should be dismissed without prejudice. *Accord Hanuman*, 41 F. App'x at 9; *Youngblood v. Hy–Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001).

### III.   RECOMMENDATION

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant Menard, Inc.'s ("Menard") Motion to Dismiss [Doc. No. 30] be **GRANTED**; and

2. Plaintiff Anthony Harris's claims against Menard be **DISMISSED without prejudice**.

Dated: June 18, 2018

                                               *s/Steven E. Rau*
                                               STEVEN E. RAU
                                               United States Magistrate Judge

**Notice**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under D. Minn. LR 72.2(b)(1) "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).