UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Anthony Harris,

    Plaintiff,

v.

Maplewood Police Department,
and John Doe, Arresting Officer,

    Defendants.

**ORDER**

Civil No. 17-392 (MJD/SER)

---

This matter is before the Court on Plaintiff's motion for an extension [Doc. No. 108] to file his responses to the Maplewood Police Department's ("the Department") motions for discovery requests, to dismiss and for summary judgment and Plaintiff's motion for reconsideration [Doc. No. 110] of the following court orders: the order granting Defendant Menard, Inc.'s motion to dismiss (Doc. No. 105 (July 27, 2018 Order adopting Report and Recommendation); orders denying Plaintiff's previous motions for appointment of counsel (Doc. No. 17 (May 30, 2017 Order denying motion to appoint counsel) and Doc. No. 51 (January 30, 2018 Order denying motion to appoint counsel)); and order granting the Department's motion to compel (Doc. No. 76 (May 9, 2018 Order granting Defendant Maplewood Police Department's motion to compel).)

1

## I. Motion for Reconsideration

The Local Rules for the District of Minnesota provide that a motion to reconsider can only be filed with the Court's express permission, and then, only upon a showing of compelling circumstances. L.R. 7.1(j). The Court will thus treat Plaintiff's motion as a request to file a motion for reconsideration.

The district court's decision on a motion for reconsideration rests within its discretion. Hagerman v. Yukon Energy Corp., 839 F.2d 407, 413 (8th Cir. 1988).

> Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. Such motions cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during pendency of the summary judgment motion. The nonmovant has an affirmative duty to come forward to meet a properly supported motion for summary judgment. . . . Nor should a motion for reconsideration serve as the occasion to tender new legal theories for the first time.

Id. at 414 (citation omitted).

The Court has reviewed the orders that are the subject of Plaintiff's request to file a motion for reconsideration and concludes that those orders contain no manifest errors of law or fact.

With respect to the request for appointment of counsel, Plaintiff again claims he has a lack of resources and limited means of communication due to his

incarceration. He also asserts that in May 2016, he was diagnosed with idiopathic panuveitis, which causes inflammation to his eyes, making it difficult to see at times.

As this court previously found, Plaintiff has no constitutional right to appointed counsel in a civil matter, and whether to appoint counsel is left to the Court's discretion. <u>Ward v. Smith</u>, 721 F.3d 940, 942 (8th Cir. 2013). In addition, in deciding a motion for counsel in a civil matter, the Court must consider "whether the plaintiff and the court will substantially benefit from the appointment of counsel, considering the factual and legal complexity of the case, the plaintiff's ability to investigate the facts, the existence of conflicting testimony, and the ability of the plaintiff to present his claim." <u>Plummer v. Grimes</u>, 87 F.3d 1032, 1033 (8th Cir. 1996).

Based on the above, and the fact that Plaintiff has not demonstrated that his circumstances have changed since his previous motions for appointment of counsel were denied, the Court will not entertain a motion to reconsider Plaintiff's motion for appointment of counsel.

## II. Motion for Extension

Plaintiff requests a 120-day extension to respond to Defendants' various motions, which include motions to compel discovery and motions to dismiss and for summary judgment. Plaintiff asserts that his incarceration and his medical issues present obstacles to his ability to represent himself and to respond in a timely manner.

The Department notes that throughout this lawsuit, Plaintiff has failed to comply with all deadlines. He has never responded to any requests for discovery and has failed to respond to any of the Department's motions. The deadline for discovery was May 1, 2018, therefore an extension to respond to the Department's discovery requests will only result in further delay and prejudice to the Department. Further, the Department filed its motion for summary judgment on June 21, 2018 and Plaintiff was given ninety days to respond. Thus, he has already been given additional time to file his opposition.

The Court finds an extension to serve responses to discovery requests is not warranted. The Court will allow Plaintiff sixty days from the date of this Order to file his opposition to the Department's motion for summary judgment. The Court will thereafter rule on the briefs submitted by the parties.

IT IS HEREBY ORDERED that:

1. Plaintiff's Request to file a Motion for Reconsideration and for Appointment of Counsel [Doc. No. 110] is DENIED; and

2. Plaintiff's Motion for an Extension of Time [Doc. No. 108] is GRANTED in part and DENIED in part as follows: Plaintiff shall have sixty days from the date of this Order to file his opposition to the Defendant Maplewood Police Department's Motion for Summary Judgment [Doc. No. 90]. Plaintiff's additional requests for extension are denied.

Date: October 16, 2018

s/ Michael J. Davis
Michael J. Davis
United States District Court