# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Anthony Harris,<br><br>        Plaintiff,<br><br>v.<br><br>Maplewood Police Department; and John Doe, Arresting Officer,<br><br>        Defendants. | Case No. 17-cv-392 (MJD/SER)<br><br>**REPORT AND RECOMMENDATION** |

Anthony Harris, *Pro Se*, (for Plaintiff); and

Joseph E. Flynn and Tal A. Bakke, Jardine Logan & O'Brien PLLP, 8519 Eagle Point Boulevard, Suite 100, Lake Elmo, Minnesota 55042; and Tal A. Bakke, (for Defendant).

This matter is before the Court on Defendant Maplewood Police Department's ("Maplewood Police") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 37. (ECF No. 83). These motions have been referred to the undersigned for a report and recommendation to the Honorable Michael J. Davis, United States District Judge for the District of Minnesota, pursuant to 28 U.S.C. § 636 and Local Rule 72.1. Based on all the files, records, and proceedings herein, and for the reasons set forth below, this Court recommends that Maplewood Police's Motion to Dismiss be denied and that Plaintiff Anthony Harris ("Harris") be prohibited from introducing any requested discovery into evidence or using any of the requested discovery in his claims or defenses.

## I. BACKGROUND

Harris filed suit on February 6, 2017, alleging that Maplewood Police violated Harris's rights under 42 U.S.C. § 1983, and the fourth and fourteenth amendments. (Compl.). On June 21, 2018, Maplewood Police moved for dismissal as a discovery sanction pursuant to Federal Rule of Civil Procedure 37. (ECF No. 83). Maplewood Police submitted memoranda supporting its motion and the Court takes the motion under advisement on the papers submitted. *See* (ECF No. 84).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 37 provides courts with the discretion to dismiss an action for failure to comply with court orders and the Federal Rules of Civil Procedure. The district court has "a large measure of discretion in deciding what sanctions are appropriate for misconduct." *Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1260 (8th Cir. 1997). The Eighth Circuit has "repeatedly stressed that the 'sanction imposed by the district court must be *proportionate* to the litigant's transgression,' and that '[d]ismissal with prejudice is an extreme sanction and should be only used in cases of willful disobedience of a court order or continued or persistent failure to prosecute a complaint.'" *Smith v. Gold Dust Casino*, 526 F.3d 402, 405 (8th Cir. 2008) (quoting *Rodgers v. The Curators of the Univ. of Mo.*, 135, F.3d 1216, 1219 (8th Cir. 1998), and *Givens v. A.H. Robins Co.*, 751 F.2d 261, 263 (8th Cir. 1984)).

Under Rule 37(b)(2), if a party "fails to obey an order or permit discovery," a court may enter an order that includes the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

These are suggested sanctions, and do not include the full array of actions a court may pursue. *Id.* Rule 37 allows a court to sanction a party that fails to provide its disclosures required under Rule 26(a), fails to answer requests for admission, or fails to attend a deposition. Fed. R. Civ. P. 37(c), (d). Rule 37 sanctions are "not merely to penalize those whose conduct may be deemed to warrant such a sanction but [also] to deter those who might be tempted to such conduct in the absence of such a deterrent." *Nat'l Hockey League v. Metropolitan Club Inc.*, 427 U.S. 639, 643 (1976) (per curiam).

*Pro se* status does not affect this analysis. Parties are not excused of their obligations to comply with court orders and the Federal Rules of Civil Procedure. *See Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives." (citation omitted)); *Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000) ("A pro se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery.").

A court's discretion to issue Rule 37 sanctions "is bounded by the requirement of Rule 37(b)(2) that the sanction be 'just' and relate to the claim at issue in the order to provide discovery." *Hairston v. Alert Safety Lights Prods. Inc.*, 307 F.3D 717, 719 (8th Cir. 2002) (quoting *Avionic Co. v. General Dynamics Corp.*, 957 F.2d 555, 558 (8th Cir. 1992)). "'[T]he district court's discretion narrows as the severity of the sanction or remedy it elects increases.'" *Sentis Group, Inc.*, 559 F.3d at 898 (quoting *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008)). Dismissal "is among the harshest of sanctions . . . ." *Id.* Nonetheless, dismissal is within the range of acceptable sanctions and the reviewing court will not "substitute our [its] judgment for that of the district court even though [it] may have chosen a different sanction had [it] been standing in the shoes of the trial court." *Int'l Bhd. Of Elec. Workers, Local Union No. 545 v. Hope Elec. Corp.*, 380 F.3d 1084, 1105–06 (8th Cir. 2004) (quoting *Chrysler Vorp. V. Carey*, 186 F.3d 1016, 1020 (8th Cir. 1999).

### III. ANALYSIS

#### A. Maplewood Policy Did Not Suffer Prejudice

"To justify a sanction of dismissal, Rule 37 requires: '(1) an order compelling discovery, (2) a willful violation of that order, and (3) prejudice to the other party.'" *Sentis Group, Inc. v. Shell Oil co.*, 559 F.3d 888, 899 (8th Cir. 2009) (quoting *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000)). This Court concludes that despite Harris's willful violation of this Court's orders compelling discovery, Maplewood Police did not suffer prejudice. Dismissal of this lawsuit under Rule 37 is therefore inappropriate.

This Court issued multiple orders on discovery that Harris failed to follow. The Scheduling Order set a May 1, 2018 deadline for the parties to complete discovery. (ECF

4

No. 41, at 2). Maplewood Police timely served its discovery requests on January 17, 2018. (ECF No. 55 ¶ 2). Harris did not respond to the discovery requests, and Maplewood Police filed a Motion to Compel on March 21, 2018. (ECF No. 53). This Court granted the Motion to Compel on May 9, 2018 and gave Harris 30 days to respond to Maplewood Police's discovery requests. (ECF No. 76, at 4). Harris did not. Not only does Harris's failure to respond violate this Court's orders, it also violates the prescribed 30-day response period in the Federal Rules of Civil Procedure. Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A); Fed. R. Civ. P. 36(a)(3). In the past nine months, Harris made no attempt to provide the discovery Maplewood Police requested in January of 2018. This Court therefore determines that Harris willfully violated its Scheduling Order, the May 9, 2018 order, and the Federal Rules of Civil Procedure.

Despite Harris's willful violation of court orders compelling discovery, Maplewood Police did not suffer prejudice. Maplewood Police claims prejudice from Harris's failure to provide discovery responses because "it limits the time that could otherwise be spent advancing litigation." (ECF No. 84, at 7). But the lack of prejudice to Maplewood Police is shown by the fact it could file for summary judgment. (*See* ECF No. 90). Summary judgment is only appropriate when "there is no dispute of fact and where there exists only one conclusion." *Crawford v. Runyon*, 37 F.3d 1338, 1341 (8th Cir. 1994) (internal citations omitted). Maplewood Police's memorandum in support of its motion draws support from a multitude of affidavits and twelve separate surveillance videos. (ECF No. 92 *passim*). Maplewood Police uses these facts to explain in detail why it is not an entity subject to suit and why Harris cannot establish his constitutional rights were violated. (*Id.*).

Perhaps as Maplewood Police claims, it was stopped from the opportunity to *better* investigate Harris's claims. (ECF No. 84, at 7). But Harris's failure to provide discovery responses did not stop Maplewood Police from advancing litigation by filing for summary judgment. (ECF No. 90). Even without Harris's discovery responses, Maplewood Police claims it has enough facts for a court to rule in its favor on summary judgment. (*Id.*). This Court accordingly finds that Maplewood Police did not suffer prejudice and thus the harsh sanction of dismissing Harris's claim is unwarranted.

### B.  Public Policy Disfavors Procedural Dismissals

While courts can dismiss cases for failure to respond to discovery, "'there is a strong policy in favor of deciding a case on its merits, and against depriving a party of [her or] his day in court.'" *Id.* (quoting *Fox v. Studebaker-Worthington, Inc.*, 516 F.3d 1016, 1020 (8th Cir. 1975)). This Court concludes that, in addition to the lack of prejudice to Maplewood Police, this strong public policy also disfavors granting the present motion to dismiss—especially in light of the pending motion for summary judgment in front of Honorable Michael J. Davis.

Maplewood Police filed its Motion to Dismiss and Motion for Summary Judgment contemporaneously on June 21, 2017. (*See* ECF Nos. 83, 90). This Motion to Dismiss is proposed as a discovery sanction pursuant to Rule 37. If the Court granted this Motion, it would do so reviewing the parties' discovery actions alone. In essence, granting this Motion to Dismiss would dismiss the case on a technicality, ignoring the merits of the case. In contrast, the summary judgment motion in front of Honorable Michael J. Davis considers the merits of the case. A motion for summary judgment necessarily involves

considering the facts both parties allege, including the multitude of affidavits and surveillance videos Maplewood Police has docketed. This Court therefore will not dismiss this case as a discovery sanction while a motion to consider the case on the merits is pending.

### C. Harris's Sanction

While this Court will not grant Maplewood Police's harsh discovery sanction of dismissal, Harris's willful conduct warrants lesser sanctions under Rule 37. As explained above, Maplewood Police appropriately served discovery in a timely manner and subsequently brought a Motion to Compel discovery after Harris failed to respond. This Court repeatedly warned the parties that failure to comply with the Court's orders could result in discovery sanctions. (Scheduling Order, at 4; ECF No. 76, at 4). These actions put Harris on notice of his obligation to respond to discovery and the consequences for failing to do so. Harris cannot claim surprise at being sanctioned for noncompliance with this Court's orders and the Federal Rules of Civil Procedure. No convincing reason is proffered as to why Harris could not comply with the Court's orders or the Rules. *Cf. Smith v. Gold Dust* Casino, 526 F.3d 402, 405 (8th Cir.) (reversing dismissal with prejudice because *pro se* plaintiff had informed the court he was having heart surgery, which prevented him from complying with discovery deadlines, subsequently informed the court of his progress, and made "sincere efforts" to complete discovery). This Court thus orders the lesser sanction of prohibiting Harris from introducing any requested discovery into evidence or using any of the requested discovery in his claims or defenses. *See* Fed. R. Civ. P. 37(b)(2)(A)(ii).

## IV. RECOMMENDATION

Based on the foregoing and the record, files, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant Maplewood Police Department's ("Maplewood Police") Motion to Dismiss as a Discovery Sanction Pursuant to Rule 37, (ECF No. 83), be **DENIED**.

2. Plaintiff Anthony Harris ("Harris") be prohibited from introducing any requested discovery into evidence or using any of the requested discovery in his claims or defenses.

Dated: November 26, 2018

*s/Steven E. Rau*
STEVEN E. RAU
United States Magistrate Judge

### Notice

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under D. Minn. LR 72.2(b)(1) "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).