UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Anthony Harris,

    Plaintiff,

v.                                          **ORDER**

Maplewood Police Department,      Civil No. 17-392 (MJD/SER)
and John Doe, Arresting Officer,

    Defendants.

---

    Plaintiff is *pro se*.

    Joseph E. Flynn and Tal A. Bakke, Jardine, Logan & O'Brien, PLLP, Counsel for Defendant Maplewood Police Department.

---

    This matter is before the Court on Plaintiff's *pro se* motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(1) and (b)(6).

## I.     Background

    Plaintiff brought this action against the Maplewood Police Department and Menards pursuant to 42 U.S.C. § 1983 claiming he was arrested without probable cause while shopping at Menards in Maplewood, Minnesota, subjected to excessive force and that his arrest was based on racial profiling.

Menards filed a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) on November 21, 2017. The motion was referred to the Magistrate Judge. By Order dated July 27, 2018, the Court adopted the Report and Recommendation of the Magistrate Judge and granted Menards' Motion to Dismiss. [Doc. No. 105]

On June 21, 2018, following the close of discovery, the Maplewood Police Department filed a motion to dismiss as a discovery sanction, claiming Plaintiff failed to respond to any of its discovery requests. [Doc. No. 83] That same day, the Maplewood Police Department also filed a motion for summary judgment. [Doc. No. 90]

On September 17, 2018, Plaintiff requested extensions to respond to: the motion for summary judgment; discovery requests; and the motion to dismiss as a discovery sanction. Plaintiff also requested the Court appoint him counsel. [Doc. No. 108] In a separate motion, Plaintiff sought reconsideration of this Court's Order dismissing Menards. [Doc. No. 110] The Court granted the motions in part, allowing Plaintiff an extension to file his opposition to the motion for summary judgment.[1] [Doc. No 116 at 4] Plaintiff's motion for

---

[1] Plaintiff had requested a 120-day extension, but the Court granted only a sixty-day extension.

appointment of counsel, his requests for extensions and for reconsideration were denied. (Id.)

The Magistrate Judge issued a Report and Recommendation on the motion to dismiss as a discovery sanction and found that despite Plaintiff's willful violation of court orders compelling discovery, the Maplewood Police Department was not prejudiced given the fact that it was able to file a motion for summary judgment. [Doc. No. 118 at 5] The Court thereafter adopted the Report and Recommendation and ordered that Plaintiff could not introduce any requested discovery or use any of the requested discovery in his claims or defenses as a sanction for not complying with discovery orders. [Doc. No. 119]

Despite the fact the Court granted Plaintiff an extension to file a responsive brief to the motion for summary judgment, Plaintiff failed to do so.

On March 28, 2019, the Court granted the motion for summary judgment, dismissed the action with prejudice and entered judgment in favor of Defendants. [Doc. No. 123]

## II. Motion for Relief from Judgment

Plaintiff moves for relief from judgment pursuant to Fed. R. Civ. P. 60(b), which provides, in relevant part, that "[o]n motion and just terms, the court may

relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (1) mistake, inadvertence, surprise, or excusable neglect; . . .or (6) any other reason justifying relief."

Plaintiff claims that he is unfamiliar with the mechanics of the court system, and that he may have discarded paperwork inadvertently. He further asserts that he has had difficulty responding to the motions filed in this case because of health problems, issues he was having with the prison law library and the process in which storage of paperwork is used. Plaintiff provided no further information upon which to base his request for relief, such as the nature of his health problems or the issues he was having with the law library. Nor did he explain how the processes involving the storage of paperwork affected his ability to file an opposition brief to the motion for summary judgment.

Pursuant to the applicable law, the Court finds that Plaintiff has not asserted sufficient grounds upon which to grant the requested relief.

> Under Rule 60(b)(1), a district court may grant relief from a judgment on the grounds of "mistake, inadvertence, surprise, or excusable neglect." The term "excusable neglect" in this context is generally " 'understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence.'" To be excusable, however, the neglect must be accompanied by a showing of good faith and some reasonable basis for not complying with the rules. It is generally held that "excusable neglect"

under Rule 60(b) does not include ignorance or carelessness on the part of an attorney. Neither a mistake of law nor the failure to follow the clear dictates of a court rule constitutes excusable neglect.

Noah v. Bond Cold Storage, 408 F.3d 1043, 1045 (8th Cir. 2005) (internal citations omitted).  See also Emmons v. Bank of America., N.A., 2015 WL 518569, at *3 (W.D. Mo. Feb. 9, 2015) (citing Ceridian Corp. v. SCSC Corp., 212 F.3d 398 (8th Cir. 2000)) ("[U]nfamiliarity with the federal rules or local court rules does not qualify as 'excusable neglect.'").  The fact that Plaintiff is *pro se* does not alter the Court's decision.  Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984) (*pro se* litigants are not excused from failing to comply with substantive and procedural law).

Plaintiff similarly fails to demonstrate that he is entitled to relief pursuant to Rule 60(b)(6).  The purpose of Rule 60(b)(6) is to broaden the grounds for relief, yet it "remains 'an extraordinary remedy' for 'exceptional circumstances.'" City of Duluth v. Fond du Lac Band of Lake Superior Chippewa, 702 F.3d 1147, 1155 (8th Cir. 2013).  Furthermore, the law is clear that a party cannot pursue the same grounds of relief under Rule 60(b)(1) and (6).  See Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863 (1988).  Here, Plaintiff is asserting the same grounds for relief under both Rule 60(b)(1) and (b)(6).  Because the Court finds he is not entitled to relief under Rule 60(b)(1), he cannot assert the same facts

constitute exceptional circumstances.  Regardless, the Court finds the record does not demonstrate the existence of exceptional circumstances warranting relief.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion for Relief from Judgment [Doc. No. 126] is DENIED.

Date:   June 27, 2019

s/ Michael J. Davis  
Michael J. Davis  
United States District Court